UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEXTER ALLISON, | ) |
| Plaintiff, | ) |
| vs. | ) 11 C 1863 |
| DEPARTMENT OF TRANSPORTATION, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on the Defendant Department of Transportation's (the "Department") motion to dismiss the complaint of Plaintiff Dexter Allison ("Allison") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion is granted.

## BACKGROUND[1]

On July 1, 2006, the Department (through the Federal Aviation Administration) terminated Allison's employment. Allison subsequently filed an appeal with the Merit Systems Protection Board (the "Board"), contesting the Department's decision to terminate him and alleging that the Department discriminated against him. On October 2, 2009, the Board affirmed the Department's decision to terminate Allison.

---

[1] For purposes of the motion to dismiss, we accept the allegations in the complaint as true. *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

Allison filed a petition for review and, on May 5, 2010, the Board denied the petition. The May 5, 2010 decision informed Allison that he could: (1) request review of his discrimination claims by filing a request with the Equal Employment Opportunity Commission within 30 calendar days of his receipt of the decision; (2) file a civil action against the Department regarding his discrimination claims and other claims in the appropriate district court within 30 calendar days of his receipt of the decision; or (3) file an appeal with the United States Court of Appeals for the Federal Circuit (the "Federal Circuit"), concerning all claims except discrimination claims, no later than 60 days after his receipt of the decision.

On July 2, 2010, Allison filed a petition for review concerning both his discrimination claims and other claims with the Federal Circuit. On November 4, 2010, the Federal Circuit transferred the case to this Court because it lacked jurisdiction to review Allison's discrimination claims.

On May 24, 2011, Allison filed a complaint in this Court alleging claims for disability and race discrimination and a violation of the Family Medical Leave Act ("FMLA"). The Department now moves to dismiss all claims.

**LEGAL STANDARD**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require

detailed factual allegations, but requires more than legal conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, the complaint must contain sufficient facts to state a claim for relief that is plausible on its face. *Id.* at 570. In ruling on a motion to dismiss, a court accepts the well-pleaded allegations in the complaint as true, construes the allegations of the complaint in the light most favorable to the plaintiff, and draws all reasonable inferences in favor of the plaintiff. *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chi. Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999). Additionally, the court may consider judicially noticed documents, including documents contained in the public record and reports of administrative bodies, without converting a motion to dismiss into a motion for summary judgment. *520 S. Mich. Ave. Assocs. Ltd. v. Shannon*, 549 F.3d 1119, 1137-38 n.14 (7th Cir. 2008).[2]

## DISCUSSION

The Department argues that Allison's discrimination claims are untimely. An individual seeking review of discrimination claims must file an action in the district court within 30 days of receiving notice of the Board's final decision.[3] 5 U.S.C.

---

[2] Accordingly, the Court considers the following documents: the October 2, 2009 Board decision; the May 5, 2010 Board decision; the July 2, 2010 petition filed by Allison in the Federal Circuit; and the November 4, 2010 order of the Federal Circuit.

[3] Alternatively, the individual can file a request for review with the Equal Employment Opportunity Commission.

§ 7703(b)(2); 29 C.F.R. § 1614.310(b). The individual presumably receives notice of the decision five days from the mailing date. *Loyd v. Sullivan*, 882 F.2d 218, 218 (7th Cir. 1989) (per curiam). The Board sent its final decision to Allison on May 5, 2010, so Allison presumably received the final notice on May 10, 2010. Allison had until June 9, 2010 (i.e., 30 days from May 10, 2010) to file his discrimination claims in the appropriate district court. More than 30 days later, on July 2, 2010, Allison filed his petition for review with the Federal Circuit. The Federal Circuit subsequently transferred the case to this Court because it lacked jurisdiction over Allison's discrimination claims. The Federal Circuit had authority to transfer the action to any court where the action could have been brought at the time it was filed. 28 U.S.C. § 1631. Allison could not have filed an action in this Court on July 2, 2010, the day he filed his petition in the Federal Circuit, because more than 30 days had passed since Allison received notice of the Board's final decision. Thus, Allison's petition for review of his discrimination claims is untimely.[4]

The Department also contends that Allison's FMLA claim is barred by the statute of limitations. For a willful violation of the FMLA, a plaintiff must file an FMLA claim within three years of the last event constituting the alleged violation. 29 U.S.C.

---

[4] Because Allison's discrimination claims are untimely, the Court need not address the Department's alternative argument that Allison failed to exhaust the administrative remedies for his race discrimination claim.

§ 2617(c)(1). Here, the last event potentially constituting the alleged violation is Allison's termination, which occurred on July 1, 2006. Based on the three-year statute of limitations, the statutory period for an FMLA claim expired on July 1, 2009. While Allison suggests that his FMLA claim is part of his ongoing discrimination claims, Allison does not state that he separately raised an FMLA claim in his original petition, or by July 1, 2009. Consistent with Allison's failure to assert an FMLA claim, the Board's October 2, 2009 decision makes no reference to any such claim. Because Allison did not assert an FMLA claim on or before July 1, 2009, the claim is untimely.

## CONCLUSION

For the foregoing reasons, this Court grants the Department's motion to dismiss.

_____
Charles P. Kocoras
United States District Judge

Dated:   September 15, 2011